**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| Akeim LeAndrew Thomas, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. _____ **PETITION FOR WRIT OF HABEAS CORPUS** |
| Petitioner, |
| v. |
| Thomas Hodgson, |
| Respondent. |

## INTRODUCTION

1. Petitioner Akeim LeAndrew Thomas, ("Thomas" or "Petitioner") is currently being held unlawfully in federal immigration detention.

2. Petitioner is a member of the post-hearing class in *Pereira Brito v. Barr*, C.A. No. 19-11314 (D. Mass.).

3. In *Pereira Brito*, the court entered a Declaratory Judgment that class members are entitled to an immigration bond hearing that meets certain minimum constitutional standards. *See* C.A. No. 19-11314, 2019 WL 6333093, at *8 (D. Mass. Nov. 27, 2019).

4. Petitioner received a bond hearing that did not meet those minimum constitutional standards. The defects in the bond hearing included that Petitioner was required to bear the burden of proof, rather than the government, that he was not a flight risk. Petitioner was prejudiced by these errors.

1

5.      Petitioner is consequently entitled to receive a new bond hearing that complies with the standards articulated in the Declaratory Judgment in *Pereira Brito*.

6.      Petitioner respectfully requests that the Court order that Petitioner receive such a hearing within seven (7) calendar days of the Court's order, or else be released.

## PARTIES

**7.**     Petitioner Thomas is detained at the Bristol County Jail and House of Correction

**8.**     Respondent Thomas Hodgson is Petitioner's immediate custodian.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 2241.

10.     Venue lies in the District of Massachusetts because Petitioner is currently detained within this District.

## FACTS ALLEGED

11.     Petitioner has been held in immigration detention since September 2019 when ICE agent detained Thomas as he entered a courthouse located in Bridgeport, Connecticut to address a separate pending case.

12.     Petitioner received a bond hearing in November 2019.

13.     At the conclusion of the bond hearing, the Immigration Court ordered that Thomas' bond be denied and that he be detained.

14.     Petitioner is a member of the post-hearing class in *Pereira Brito v. Barr* because Petitioner is currently detained in Massachusetts pursuant to 8 U.S.C. § 1226(a) and has already received a bond hearing.  *See* 395 F. Supp. 3d 135, 149 (D. Mass.) (class certification order); *see also* 2019 WL 6333093, at *5 (modifying class definition to add additional basis for relief).

15. On November 27, 2019, the court in *Pereira Brito* entered a Declaratory Judgement that, for members of the post-hearing class, the Due Process Clause of the Fifth Amendment to the U.S. Constitution requires that:

> [A]liens detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing at which the Government must prove the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence and that no condition or combination of conditions will reasonably assure the alien's future appearance and the safety of the community. At the bond hearing, the immigration judge must evaluate the alien's ability to pay in setting bond above $1,500 and must consider alternative conditions of release, such as GPS monitoring, that reasonably assure the safety of the community and the alien's future appearances.

*See* 2019 WL 6333093, at *8 (D. Mass. Nov. 27, 2019).

16. Petitioner's bond hearing did not meet the standards required by the Declaratory Judgment in *Pereira Brito*. Among other defects, Petitioner was required to bear the burden of proof during the bond hearing, rather than the government

17. Petitioner is entitled to a new bond hearing if Petitioner was prejudiced by the errors in the bond hearing. *See* 395 F. Supp. 3d at 147-49; 2019 WL 6333093, at *7. Prejudice exists whenever the result of the bond hearing *could* have been different if the Immigration Court had used the correct standards and procedures. *See* 395 F. Supp. 3d at 147-49; *see also Doe v. Tompkins*, C.A. No. 18-12266, 2019 U.S. Dist. LEXIS 22616, at *3-4 (D. Mass. Jan. 29, 2019); *Pensamiento v. McDonald*, 315 F. Supp. 3d 684, 693 (D. Mass. 2018).[1]

18. Here, if the Immigration Court had used the correct standards and procedures, the result could have been different because the government would not have overcome its burden to prove by a preponderance of the evidence that Thomas is a flight risk. In other words, the

---

[1] *See also, e.g.*, *Singh v. Holder*, 638 1196, 1205 (9th Cir. 2011); *Hernandez Lara v. ICE*, 2019 WL 3340697, at * (D.N.H. Jul. 25, 2019); *Martinez v. Decker*, 18-6527, 2018 WL 5023946, at *5 (S.D.N.Y. Oct. 17, 2018).

government would have needed to prove that despite his strong family ties to Bridgeport, Connecticut, where he lived with his wife since 2016, he was a flight risk. By placing the burden on Thomas to prove he was not a flight risk, Thomas was prejudiced.

19. Additionally, if the Immigration Court had used the correct standards and procedures, the result could have been different because the government would not have overcome its burden to prove by clear and convincing evidence that Thomas is dangerous. In other words, the government would have needed to prove that being charged with two non-violent crimes—possession of marijuana—a misdemeanor, and intent to distribute—a felony, that he was dangerous to the public. By placing the burden on Thomas to prove he was not dangerous, Thomas was prejudiced.

20. Consequently, Thomas was prejudiced by the errors in the bond hearing and is entitled to a new bond hearing that complies with the minimum constitutional standards articulated in *Pereira Brito*.

## CLAIM FOR RELIEF

### COUNT I – WRIT OF HABEAS CORPUS

21. Petitioner's detention is unlawful and violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution because Petitioner has not received a bond hearing at which (a) the Government must prove the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence and that no condition or combination of conditions will reasonably assure the alien's future appearance and the safety of the community; and (b) the immigration judge must evaluate the alien's ability to pay in setting bond above $1,500 and must consider alternative conditions of release, such as GPS monitoring, that reasonably assure the safety of the community and the alien's future appearances.

**PRAYER FOR RELIEF**

Wherefore, Petitioner asks this Court to GRANT the following relief:

1. A writ of habeas corpus requiring that Petitioner be released unless Petitioner receives, within seven (7) calendar days, a bond hearing that complies with the requirements articulated in *Pereira Brito*; and

2. Any further relief this Court deems just and proper.

        Respectfully submitted,

        Akeim LeAndrew Thomas .
        By its attorneys,
        Sheehan Phinney Bass & Green PA

        */s/ Michael. R. Stanley*
        Michael. R. Stanley (BBO# 680957)
        28 State Street, 22nd Floor
        Boston, MA 02109
        617-897-5600 (tel.)
        mstanley@sheehan.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 20, 2020.

        */s/ Michael R. Stanley*
        Michael R. Stanley